## Case No. 4,200.

### DUSSERT v. ROE.

[1 Wall. Jr. 39.] [1]

Circuit Court, Third Circuit.   April Term, 1843.

[1] [Reported by John William Wallace, Esq.]

Mr. Mallery, in support of his objection:

Mr. C. Ingersoll, in support of the evidence:

BALDWIN, Circuit Justice. The rules of evidence are not absolutely inflexible; and where testimony bears strong general marks of candour, and an opposing party has neither cross-examined the witness, nor attempted to impeach the testimony by adducing counter evidence, a court, generally speaking, is not extreme in its requirements; especially where, as in this case, the evidence comes through the channels of a foreign language and a foreign commission. In such cases, testimony will sometimes be received, in regard to which, in other circumstances, the court would be more strict. We think, that under the circumstances of this case, it may be intended that the witnesses, two of whom appear to have been considerably acquainted with the family of Madame Dussert, designed by the expression notoriete publique, to include general reputation in the family.

The point being thus rested, it is not so important that we express an opinion as to the statements of the mother and brother; which it is a matter of doubt whether they were made ante or post litem motam. The defendant's counsel has argued very well against the reception of such testimony; but we rather incline, on first impression, to think that it is admissible. You may read the testimony, but we will reserve the point of law for future consideration, should it be rendered necessary.